**VALVE & PRIMER CORPORATION, Plaintiff,**

v.

**VAL–MATIC VALVE & MANUFACTURING CORPORATION, Defendant.**

No. 87 C 8726.

United States District Court, N.D. Illinois, E.D.

Jan. 16, 1990.

Christopher J. Stoll, Drake James Leoris, Jr., Leoris & Cohen, Highland Park, Ill., for plaintiff.

Jon C. Jacobson, Roy W. Sears, Eckhart, McSwain, Silliman & Sears, Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Valve & Primer Corporation ("V & P") and defendant Val–Matic Valve and Manufacturing Corporation ("Val–Matic") are Illinois corporations, each with its principal place of business in Illinois. The two companies manufacture valves, primers and similar equipment. V & P's complaint alleges that it "secured the exclusive rights and privileges in and to the copyright of [certain] technical computers, bulletins, catalogs and writings" by complying with all the statutory requirements for the registration thereof provided by 17 U.S.C. § 102 et seq. (Complaint, ¶ 5.) Essentially, the complaint alleges that Val–Matic infringed twenty of plaintiff's copyrights "by publishing and distributing numerous technical computers or 'calculators,' bulletins, catalogs and writings so similar to those of Plaintiff's as to be virtually identical...." (Complaint, ¶ 8.)

V & P has agreed to voluntarily dismiss all claims pertaining to 18 of its copyright registrations. (*See* Plaintiff's Response to Defendant's 12(b) Motion, ¶¶ 5–6.) Moreover, V & P has failed to comply with this court's order of July 3, 1989 which required V & P to provide the defendant with additional information regarding its "slide rule" claim, including information regarding any copyright registration thereof. The only remaining claims in this lawsuit, therefore, pertain to the protection accorded to V & P's publications by reason of the following two copyright registrations:

TX 331–493 for Valve and Primer Bulletin 7011 relating to the Slanting Disk

Check Valve as revised and republished on 6/1/78; and

TX 331–496 for Bulletin 688 relating to the Rubber Flapper Check Valve as revised and republished on 10/10/78.

(*See* Defendant's 12(b) Motion, ¶¶ 7–7.2 and Plaintiff's concurrence therewith in it Response, ¶¶ 7–7.2.)

Val–Matic has filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction over this case. Val–Matic contends that V & P failed to satisfy the requirements of 17 U.S.C. § 405(a) for maintaining copyright protection. The court has construed Val–Matic's motion as one for summary judgment on the ground that V & P's infringement claim must fail due to V & P's failure to comply with the standards set forth in 17 U.S.C. § 405(a)(1) or (a)(2) for maintaining copyright protection. For the reasons set forth below, Val–Matic's motion is granted.

### BACKGROUND FACTS *

The remaining bulletins at issue in this case pertain to V & P's Slanting Disc Check Valve and Rubber Flapper Check Valve. (*See* Motion and .Response, ¶ 9.) Bulletins 619, 7011 and 800 all pertain to the Slanting Disc Check Valve. Bulletins 688 and 100 pertain to the Rubber Flapper Check Valve. (Id.) V & P apparently contends that copyrights TX 331–493 and TX 331–496 protect these publications.

Registration TX 331–493 pertains to "APCO Slanting Disc Check Valves; Bulletin 7011." (Exhibit A to Val–Matic's Motion.) The effective date of registration was May 3, 1979. Registration TX 331–498 pertains to "APCO Rubber Flapper Swing Check Valve; Bulletin 688." (Exhibit B to Val–Matic's Motion.) The effective date of this registration was also May 3, 1979. Both certificates of registration were not sent to V & P, however, until October 11, 1979.

The edition of Bulletin 7011 referred to in TX 331–493 was first printed in June of 1978, *i.e.* almost 11 months prior to the May 3, 1979 effective date of copyright registration and approximately 16 months before the registration certificate was issued to V & P. (*See* Motion and Response, ¶ 11.) The June of 1978 version of Bulletin 7011 did not contain a notice of copyright. Bulletin 7011 was revised and reprinted in April of 1980, 22 months after the June of 1978 publication. (*Id.* ¶ 12.) The 1980 revision of Bulletin 7011 was never separately registered with the United States Copyright Office: V & P did, however, add a notice of copyright to the 1980 revision with a 1979 copyright date. (Motion and Response, ¶ 12.) All other subsequent revisions of Bulletin 7011 have not been registered with the United States Copyright Office.

Bulletin 688 was published in October of 1978, also without a copyright notice. The next revision of Bulletin 688, printed in November of 1979, had a 1979 copyright notice affixed. Subsequent revisions of this bulletin have not been registered with the Copyright Office. (Motion and Response, ¶ 13.)

At his deposition, V & P's Vice President of Sales testified that the company publishes approximately 5,000 copies of these bulletins a year. (Deposition of Ralph DiLorenzo, pp. 13–14.) V & P's bulletins are revised and republished when a supply runs out, when an innovation in product design makes the old bulletins obsolete or when V & P discovers a "flagrant" error in a bulletin. (DiLorenzo Dep., pp. 13–15.) On occasion, V & P will send out correction material if an error occurs in the text of a bulletin regarding a critical aspect of the item described, *e.g.* an inaccuracy in the dimensional table. (DiLorenzo Dep., p. 20–21.) Mr. DiLorenzo testified that although errors have occurred in the bulletins regarding the Slanting Disc Check Valve and

* Defendant's "12(b) Motion to Dismiss" is a 6–page document which contains 19 numbered paragraphs. Plaintiff's Response thereto also comprises numbered paragraphs, each of which responds to the corresponding paragraph of defendant's motion, either admitting or denying the statements thereof. Plaintiff's Response also contains affirmative matter. In light of the similarity between these documents and the requirements of Local Rules 12(*l*) and (m), the court has construed the documents accordingly.

the Rubber Flapper Check Valve, the errors were not sufficient to justify republishing the material. (Id. at 15.)

The bulletins are automatically mailed to a list of consulting engineers: this list contains approximately 4500 names. (Id. at 11.) They are also sent to V & P representatives in the field, who are free to distribute them to customers. (Id. at 10–11.)

## DISCUSSION

A motion for summary judgment should be granted, of course, only when "the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Seventh Circuit has noted, however, once a properly-supported motion has been made, an adverse party " 'may not rest upon the mere allegations or denial of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in the rule, must set forth *specific facts* showing that there is a genuine issue for trial.' " *Davis v. City of Chicago*, 841 F.2d 186, 188 (7th Cir.1988) (quoting Fed.R.Civ.P. 56(e), emphasis in original).

Val–Matic has moved for summary judgment on the theory that even if plaintiff could make out a prima facie case of copyright infringement by establishing that it owned a valid copyright and that Val–Matic engaged in the unauthorized copying of V & P's bulletins, V & P forfeited any copyright protection to which it was entitled because it published Bulletins 7011 and 688 without copyright notice and failed to make a reasonable effort to correct that deficiency.

Val–Matic's motion is premised upon 17 U.S.C. § 405(a) which provides, *inter alia:*

The omission of the copyright notice ... from copies ... publicly distributed by authority of the copyright owner does not invalidate the copyright in a work if—

(1) the notice has been omitted from no more than a relatively small number of copies ... distributed to the public; or (2) registration for the work has been made before or is made within five years after the publication without notice, and a reasonable effort is made to add notice to all copies ... that are distributed to the public in the United States after the omission has been discovered....

It is undisputed in this case that plaintiff published more than a "relatively small number" of the bulletins in question without a copyright notice. It is also undisputed that V & P registered its copyrights within five years of the publication. V & P's failure to add notice to its bulletins, therefore, can only be excused if V & P made a "reasonable effort" to add it after V & P knew or should have known of the omission. *See Donald Frederick Evans and Assoc. v. Continental Homes, Inc.*, 785 F.2d 897, 911 (11th Cir.1986) (§ 405(a)(2) does not save copyright holder who knew or should have known of omission of notice on copies being distributed in flyers and sales brochures).

The court concludes that V & P failed to made reasonable efforts to correct the omission.

At the latest, V & P should have known that the copyright notice was missing from its Bulletins 7011 and 688 by May 3, 1979, the date application was made to the United States Copyright Office. By the time V & P made application, Bulletins 7011 and 688 had been distributed, respectively, for 11 and 7 months. Previous editions of the bulletins had been published, again respectively, since 1961 and 1968. (*See* Motion and Response ¶ 9.) Whatever (the record does not disclose) triggered V & P's decision to secure copyright protection for its bulletins in May of 1979 also should have triggered an awareness that a notice of copyright is required on work protected under the copyright laws. *See* 17 U.S.C. § 401. The law simply does not provide, as V & P argues in its response to defendant's motion, "that [V & P was] not responsible for omissions of copyright notice on said documents until it had actual notice that a

valid registration had been accomplished." (V & P Response, p. 6.) V & P was obligated, after it knew or should have known that it had failed to place a copyright notice on its bulletins, to made "reasonable" efforts to remedy the defect.

The only conclusion supportable by the record in this case is that V & P took no action whatsoever until new issues of the bulletins were to be published. With regard to Bulletin 7011, a revised version was not printed until April of 1980, more than 11 months after V & P knew or should have known that the bulletin lacked notice. With regard to Bulletin 688, a revised version bearing a notice of copyright was published in November of 1979, approximately seven months after V & P was aware or should have been aware of the omission of copyright notice. V & P did not send a letter to those on its mailing list stating that it was asserting a copyright over the bulletins, accompanied by a sticker to affix to the bulletins. *See Williams v. Arndt,* 626 F.Supp. 571, 578 (D.Mass.1985). V & P made no effort to correct the copies of the bulletins still in the hands of its distributors, the location of whom would have posed "little, if any, burden." *Lifshitz v. Walter Drake & Sons, Inc.,* 806 F.2d 1426, 1434 (9th Cir.1986). In short, V & P made no effort whatsoever. *See also Travel Bug Ltd. v. Muscarello,* 4 U.S.P.Q.2D (BNA) 1444, 1446–47, 1987 WL 11356 (N.D. Ill.1987) (plaintiff's failure (1) to place copyright notice on published materials until more than two and a half years after copyright lawyer had told her what needed to be done to obtain copyright protection; and (2) to alert some persons who should have been told that she was claiming copyright protection, resulted in finding that she had not made "reasonable efforts" to remedy lack of notice).

In *Videotronics, Inc. v. Bend Electronics,* 586 F.Supp. 478 (D.Nev.1984), the court examined the issue of whether plaintiff had made a "reasonable effort" to remedy the omission of a copyright notice by merely adding the notice to a new and updated version of its computer software program instead of correcting the old one. The conversion from the old to the new version was scheduled at the time plaintiff became aware of the need to provide a copyright notice: plaintiff determined that it would be cheaper to add the notice at the time of the conversion.

In language directly applicable to this case, the court determined:

> Implicit in the concept of a "reasonable effort" under § 405(a)(2) is the expectation that an expenditure of time and money over and above that required in the normal course of business will be made. The evidence in the present case, however, establishes that plaintiff made no effort to add a copyright notice precisely because such an expenditure would have been required on its part. In other words, plaintiff decided to continue with business as usual until the scheduled conversion to a single board program, and decided not to make any effort whatsoever to add a copyright notice until then. Plaintiff presented no evidence to show that an unreasonable effort would have been required to reprogram the double-board version of Joker Poker to add a copyright notice. We conclude that its inaction during this period is not within the spirit of the "reasonable effort" requirement of § 405(a)(2).

*Videotronics,* 586 F.Supp. at 483.

Similarly, V & P's failure to take any corrective measures apart from adding a notice of copyright to updated versions of its bulletins many months after it was aware of the omission is not within the spirit of the "reasonable effort" requirement of § 405(a)(2).

## CONCLUSION

For the reasons set forth herein, the court dismisses all of V & P's claims regarding copyrights TX371–547, TXU28–152, TX331–483, TX331–485, TX331–486, TX371–546, TX331–487, TX331–488, TX331–489, TX331–490, TX371–548, TX331–491, TX331–492, TX331–494, TX371–549, TX331–495, TX331–497 and TX331–484. Summary judgment is entered in favor of Val–Matic on the remaining claims because V & P forfeited its copy-

right protection by failing to make reasonable efforts to add copyright notice to copies of Bulletins 7011 and 688 after it discovered or should have discovered the omission thereof.